Mercereau *v.* Bergen.

### DAVID MERCEREAU v. ELIAS BERGEN.

In a case of forcible entry and detainer, evidence, the object of which is to set up a title to the freehold, against the complainant, is inadmissible.

This was a *certiorari* removing into this court, the judgment an ' proceedings in a case of forcible entry and detainer. The opinion of the court delivered by the Chief Justice, contains a statement of the case.

*Nevius*, for plaintiff in *certiorari*.

*W. H. Lupp*, for defendant.

HORNBLOWER, C. J.   On the trial of this cause before the Justice, a verdict and judgment were rendered for the defendant. The plaintiff below, is therefore plaintiff in *certiorari.*   It appears by the state of the case agreed upon by the parties, that the defendant offered a witness to prove that one Mrs. Bowne, had an estate in dower in the premises in question; that the witness was employed by a person named Oakley, (under whom the defendant, Bergen, claimed and entered,) to purchase of Mrs. Bowne, her right of dower, for him ; that the witness did make the purchase for Oakley, for four hundred dollars ; and that Mrs. Bowne was to give him possession on the 2d of April 1833.   This evidence was objected to by the plaintiff, but the Justice overruled the objection, and admitted the evidence.   In doing so, the Justice clearly committed an error.   The 20th *Section* of the act, *Rev. Laws,* 352, expressly enacts, " that the *estate,* or *merits of the title,* shall in *no wise* be inquired into," on any complaint under that act.   What was the object of this evidence, but to set up a title to the freehold, against the complainant ?   It was to show, that Bergen the defendant, had a right to the possession, because Oakley under whom he entered, had a title to the freehold, by a purchase from Mrs. Bowne.   This is the very thing prohibited by the statute.

The evidence of Rosenbom, another witness on the part of the defendant, also objected to by the plaintiff, but admitted by the Justice, I think was equally inadmissible.   He testified in substance, that the plaintiff told him in May 1831, that he had sold the farm to one Bennett ; (under whom, Oakley now claims to be owner in fee,) and that the premises in question were part of, or included in the farm sold by him to Bennett. This might have been competent evidence in an action of ejectment between the parties ; but was not admissible on the trial of this cause.   For these reasons, I think the verdict and judgment must be set aside.

On the argument of this cause, the counsel for the defendant insisted at large, that this court must look into the errors on the other side ; and contended, that the plaintiff was not in a condition, in respect of the premises in question, to maintain a forcible entry and detainer, against any body ; and even if he

Mercereau v. Bergen.

was, that there was no evidence in the court below, of a forcible entry having been committed; or if any, not sufficient to carry the cause to the jury. On these grounds, the defendant moved to non-suit the plaintiff below, but the motion was overruled by the Justice, and the cause submitted to the jury. Whether the Justice was right in doing so, is a matter which the defendant cannot draw into discussion here. If the verdict had been against the defendant, he might have brought that decision into review before this court, on *certiorari.* But the judgment was in his favor, and the decision of the Justice, whether right or wrong, did the defendant no injury. He cannot therefore now complain of it. This *certiorari* is in the nature of a writ of error; upon which, we are to examine the errors assigned by the plaintiff in error. We must either affirm or reverse the judgment below. Shall we affirm a judgment which may have been induced by illegal evidence? If we do, we put the plaintiff in a worse condition than he would have been, if the Justice had granted the non-suit. We conclude him, on the merits of his case. Such a judgment, if rendered by us, must proceed upon the ground, that the Justice committed more errors in favor of the plaintiff than he did against him. We must strike a balance in the account of errors, and give judgment in favor of the party, against whom, most have been committed. Our language to the plaintiff in error, in such case, would be, that upon the whole, you are not entitled to recover, and though the judgment against you is founded in error, we must affirm it. Besides, such a course of adjudication would involve us in a trial *de novo,* upon every *certiorari;* and then we ought to call upon the defendant to assign errors, as well as the plaintiff. This cannot be. If the court below has made an erroneous decision against the party plaintiff in error, we must reverse the judgment, and restore him to what he has lost by it.

If I am right in this view of the subject, it is unnecessary to examine the points raised by the defendant's counsel, at the same time. As the suit may be renewed between the parties, and the same questions be again raised, it may be well to express an opinion upon those matters.

Mercereau *v.* Bergen.

It is undoubtedly true, that an action for a forcible entry and detainer, cannot be brought by the landlord; it can only be maintained by the tenant in possession. *Bennett* v. *Montgomery*, 3. *Halst.* 48 ; *Mairs* v. *Sparks*, 2 *South. R.* 573. But in the case under consideration, if the witness was to be believed, the lessee had actually surrendered and given up the possession of the leasehold premises, to the plaintiff, his former landlord. At any rate, under the circumstances of this case, it was a question of fact for the jury, and the justice very properly submitted it to them. Then as to the question of force, there was some evidence that the plaintiff had fastened up the house —that the defendant came there in company with *eight or ten* persons,—that after Mr. Lupp, the agent for Oakley, had demanded possession of the plaintiff, and been refused, he said " *he hoped there would be no difficulty,* but he was bound to inform the defendant, *he must take possession ;*" thus pretty strongly implying, that if possession could not be obtained without difficulty, it must be taken *by force.* Threats need not be in boisterous terms—those most to be dreaded, are sometimes conveyed in the mildest tones and with the gentlest expressions. It was further in evidence, that the defendant did then enter and remove the furniture. If the jury believed this evidence, it was in my opinion sufficient to establish the fact of a forcible entry. The language of the act is, *Rev. Laws,* 349, that if the party shall enter or take possession, " by such *words, circumstances or actions,* as have a *natural tendency* to excite *fear* or apprehension of danger; or by *putting* out of doors, &c. the goods of the party in possession," he shall be guilty of a forcible entry, &c.

Now, here was an actual entry by the defendant, preceded by plain intimation, " peaceably if we can, and forcibly if we must;" and backed by an array of eight or ten men, ready to assist if necessary—and in my opinion, the " *natural tendency* " of such " *actions, words, and circumstances,*" were to excite " *fear or apprehension of danger,*" in case resistance had been offered. This brings the case clearly within the principles adopted by this court, in *Butts* v. *Voorhees,* 1 *Green's R.* 13, and the cases there cited by the late Chief Justice EWING. On

both these points then, I am of opinion, the Justice was right; but the judgment must be reversed, for the reasons I have before assigned. .

FORD, J. and RYERSON, J. concurred.

*Judgment reversed.*

CITED in *Corlies* v. *Corlies*, 2 *Harr.* 168.